UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

TRUSTEES OF THE OREGON-WASHINGTON
CARPENTERS-EMPLOYERS HEALTH AND
WELFARE TRUST FUND, et al.,

        Plaintiffs,

v.

CASCADE STRUCTURES LLC, et al.,

        Defendants.

Case No. 3:18-cv-00364-YY

FINDINGS AND
RECOMMENDATIONS

YOU, Magistrate Judge:

Plaintiffs, Pacific Northwest Regional Council of Carpenters ("Union") and the trustees of various employer-related trust funds, have filed suit against defendant Cascade Structures LLC ("Cascade") pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001-1461, to collect unpaid fringe benefit contributions and union dues, and associated liquidated damages, interest and attorney's fees.[1] First Am. Compl., ECF #10. Plaintiffs have

---

[1] Plaintiffs also sued two individual defendants, Robert Garcia and Jeff Petersen, but the parties filed a stipulated notice of dismissal with respect to those defendants on May 22, 2019. ECF #26.

filed a Motion for Summary Judgment, to which Cascade has not filed a response.[2] For the reasons discussed below, the motion should be granted.

## STANDARDS

Under FRCP 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party moving for summary judgment bears the initial responsibility of informing the court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party does so, the nonmoving party must "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (*citing* FRCP 56(e)).

In determining what facts are material, the court considers the underlying substantive law regarding the claims. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Otherwise stated, only disputes over facts that might affect the outcome of the suit preclude the entry of summary judgment. *Id.* A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.* at 248-49. A "scintilla of evidence" or "evidence that is merely colorable or not significantly probative" is insufficient to create a genuine issue of material fact. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

The court "does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." *Balint v. Carson City, Nev.*, 180 F.3d

---

[2] On July 11, 2019, defense counsel responded to the court's inquiry about whether a response had been submitted by stating, "Defendants will not be contesting the motion for summary judgment."

1047, 1054 (9th Cir. 1999). "Reasonable doubts as to the existence of material factual issue are resolved against the moving parties and inferences are drawn in the light most favorable to the non-moving party." *Addisu,* 198 F.3d at 1134.

## FINDINGS

The factual background of this case is outlined in the First Amended Complaint (ECF #10) and the Motion for Summary Judgment (ECF #28). In short, Cascade was bound by the Master Labor Agreement to pay union dues to the Union and fringe benefit contributions to the trust funds on behalf of certain employees. Johnson Decl. ¶ 8 (Ex. B).

Under ERISA, Cascade is required to make such contributions:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. Plaintiffs are entitled to bring a civil action such as this one for Cascade's failure to pay. 28 U.S.C. § 1132. If judgment is awarded in favor of plaintiffs, the "court shall award":

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of—
> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate."

29 U.S.C. § 1132(g)(2). The award is mandatory if (1) the employer is delinquent at the time the action is filed; (2) the plan provides for such an award; and (3) the district court enters judgment

against the employer. *Masonry Indus. Tr. Admin., Inc. v. Chris Lee Masonry, Inc.*, No. 3:14-CV-01570-HZ, 2016 WL 3396939, at *2 (D. Or. June 14, 2016).

Here, Cascade was delinquent when plaintiffs filed this action, the plan provides for the award that plaintiffs seek, and plaintiffs are entitled to judgment against Cascade. Thus, the court must award damages under 29 U.S.C. § 1132(g)(2).

Plaintiffs bear the burden of proving the amount of damages they seek. *Id.* The uncontroverted evidence shows that Cascade failed to pay union dues and fringe benefit contributions for certain employees between September 1, 2017, and March 31, 2018. Based on information that Cascade provided to plaintiffs regarding the hours worked and hourly wage, plaintiffs have calculated the amounts that were unpaid and due as follows:

(1) Fringe benefit contributions and union dues in the amount of $108,888.83, to wit:

  (a) $99,881.10 to the Health Fund, Pension Fund, Local Training Fund, Contract Fund, and Vacation Fund;

  (b) $640.58 to the International Training Fund; and

  (c) $8,367.15 in unpaid union dues.

(2) Interest as of March 20, 2019 in the amount of $14,088.91;

(3) Accruing interest on unpaid contributions owed to the Health Fund, Pension Fund, Local Training Fund, Contract Fund, and Vacation Fund ($99,881.10) at the rate of 12% per annum;

(4) Accruing interest on unpaid contributions to the International Training Fund ($640.58) at the rate of 1.5% per month, compounded monthly;

(5) Accruing interest on unpaid union dues ($8,367.15) at the rate of 9% per annum;

(6) Liquidated damages in the amount of $14,300.19, as of March 20, 2019, with liquidated damages continuing to accrue in an amount equal to one percent of the unpaid contributions owed to the Health Fund, Pension Fund, Local Training Fun, Contract Fund, and Vacation Fund ($99,881.10) for each monthly period on or after April 20, 2019 that those contributions remain unpaid.

Cascade does not challenge those amounts. Because plaintiffs are entitled to damages under 29 U.S.C. § 1132(g)(2) and have met their burden of establishing the amount of those damages, their motion for summary judgment should be granted, judgment should be entered on their behalf, and the court should thereafter determine reasonable attorney's fees.

## RECOMMENDATIONS

Plaintiffs' Motion for Summary Judgment (ECF #28) should be granted.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Tuesday, July 30, 2019. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

## NOTICE

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED July 16, 2019.

                                              /s/ Youlee Yim You
                                              Youlee Yim You
                                              United States Magistrate Judge